# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS, *et al.*, | Case No. 1:23-cv-00470-BAM (PC) |
| Plaintiffs, | ORDER DENYING MOTION TO FILE CLASS ACTION CIVIL SUIT WITHOUT PREJUDICE |
| v. | |
| SHIRLEY, *et al.*, | (ECF No. 10) |
| Defendants. | |

Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The original action was filed together with seventeen other inmates, and was severed into individual proceedings on April 5, 2023. (ECF No. 8.) Plaintiff was ordered to proceed as the sole Plaintiff in this case and to file a signed complaint or a notice of voluntary dismissal. (*Id.*)

On April 25, 2023, Plaintiff filed a signed first amended complaint, (ECF No. 11), together with a motion to file a class action, (ECF No. 10). In his motion, Plaintiff argues that the initial case was intended to be filed as a class action civil complaint, as is his first amended complaint. (ECF No. 10.) Plaintiff argues that the—now former—plaintiffs in this action have demonstrated fulfillment of the requirements of Federal Rule of Civil Procedure 23(a), and requests that the cases not be severed and the Court allow the filing of a class action. Plaintiff further contends that if the Court severs the plaintiffs, they will be prejudiced because they cannot

proceed by way of a class action, they will be prejudiced by the requirement that they exhaust administrative remedies under the PLRA, and will then be a victim of another federal civil rights violation. (*Id.*)

Plaintiff's request is denied. Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff is not an attorney and is proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). A non-attorney proceeding *pro se* may bring his own claims to court, but may not represent others. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others"). Therefore, it is inappropriate for Plaintiff to proceed as class counsel, and the request is denied, without prejudice.

Finally, the Court notes that it appears that the motion is signed by an individual other than Plaintiff. (*Compare* ECF No. 10, p. 3, *with* ECF No. 11, p. 5.) While the Court has addressed the merits of the motion as a one-time exception, Plaintiff is advised that because he is proceeding *pro se* (without an attorney), both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions, and papers be signed by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Therefore, all future filings submitted to the Court must include Plaintiff's own signature, as well as the date the filing was submitted to prison authorities for mailing. **Future filings that do not include Plaintiff's own signature may be rejected as improperly filed.**

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to file a class action civil suit, (ECF No. 10), is DENIED, without prejudice; and
2. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:  **April 28, 2023**                              /s/ *Barbara A. McAuliffe*          _
                                                                        UNITED STATES MAGISTRATE JUDGE