# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHIRLEY, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00470-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 11, 13, 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 13, 2023, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendant Degough for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 13.) The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On October 3, 2023, Plaintiff notified the Court that he does not intend to amend the complaint. (ECF No. 14.)

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4  A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
8  Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
9  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
10 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11 To survive screening, Plaintiff's claims must be facially plausible, which requires
12 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
14 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
15 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17 **A.     Allegations in Complaint**

18 Plaintiff is currently housed at California State Prison at Lancaster, California.  Plaintiff
19 alleges the events in the complaint occurred at Wasco State Prison ("WSP") in Wasco, California.
20 Plaintiff names the following defendants: (1) Heather Shirley, Warden at WSP; (2) J. Cronjajer,
21 Head of Health & Safety at WSP; and (3) Scott Degough, Wasco Water District Manager.

22 Plaintiff alleges as follows:

23 Plaintiff was subjected to known carcinogens located within the water at WSP, resulting
24 in physical ailments.

25 Defendant Scott Degough related false information to the staff as acting Water Contractor.
26 He hid the danger of the contaminated carcinogenic water filled with 1,2,3 Trichloropropane
27 ("1,2,3-TCP").  Defendant Degough should have monitored the risk of the dangerous toxins and
28 told his superiors, the truth of the risk of stomach ailments and risk of cancer.  Defendant Warden

1   Shirley is the overseer of the prison's wellbeing and did not implement a productive plan to
2   remedy the bad water situation.
3         Plaintiff suffered from deliberate indifference by medical in allowing diagnosis of obvious
4   ailments to be considered moot or frivolous, thus having Plaintiff in pain and experiencing mental
5   health issues.
6         Defendant Shirley has outlaws bottled water for sale as an alternative to drinking this
7   toxic water. Plaintiff is forced to drink toxic water. Wasco city and prison, as well as Shafter,
8   drink from Well #1 and Well #2. Both Defendants Shirley and Cronjajer work and possibly live
9   in Kern County, and due to the constant news stories and magazine articles, and 2 newspapers
10  reporting the failed water in this county, Plaintiff knows that all three defendants knew about and
11  continue to know about the toxic water at WSP. It has been failing a federal standard for 1,2,3-
12  TCP toxin in the California systems for years. Plaintiff has been subjected to these toxins for 8
13  months and already developed lesions and tumors inside of and around his stomach area.
14        Due to the large amount of water consumed daily, Plaintiff has been afflicted with
15  numerous lumps that are located in and around the midsection (both sides) of the abdomen. In
16  conjunction with the following ailments is the chronic pain to the stomach, causing a consistent
17  diarrhea. To prevent dehydration, Plaintiff must have a consistent usage of water. Seeing
18  medical staff for each of the problems associated with the water has been demurred due to the
19  face of age and/or other conditions. All of these symptoms were not present or clearly evident
20  until Plaintiff was received into WSP Facility A.
21        Inmates are not allowed access to clean, drinkable water aside from the current water.
22  Staff and other employees of CDCR are permitted to bring or access other water.
23        Plaintiff seeks monetary damages, to have continued medical care surrounding this issue,
24  and to be relieved of having to use any of the facility's water systems.
25      **B.**    **Discussion**
26          **1.**    **Supervisory Liability**
27      Insofar as Plaintiff is attempting to sue the Warden or any other defendant, based *solely*
28  upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory

personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

As pled, Plaintiff fails to state a claim against either Defendant Shirley or Defendant Cronjajer based on their supervisory roles. While Plaintiff alleges that Defendant Shirley did not implement a "productive plan" to remedy the contaminated water at WSP, Plaintiff also alleges that Defendant Degough relayed false, incorrect, or no information to his superiors about the water quality. Aside from Plaintiff's conclusory allegation that each defendant is employed in and possibly lives in Kern County and would therefore have knowledge of the contaminated water issue because it has been publicized through the media, there is no other indication that Defendant Cronjager was aware of the water quality issue at WSP.

Plaintiff may be able to state a claim against Defendant Shirley, based on the allegation that Defendant Shirley outlawed bottled water for sale, forcing him to drink the contaminated water. However, the first amended complaint does not allege whether Defendant Shirley made this policy in connection with any knowledge of the contaminated drinking water.

As there is also no indication that Defendant Cronjager or Shirley directly participated in the water contamination, or were aware of some deficiency in their training or supervision of Defendant Degough, Plaintiff fails to allege the requisite causal connection between these defendants in their supervisory roles and the contaminated water at WSP.

### 2. Official Capacity

Plaintiff may be attempting to sue the named defendants in both their official and individual capacities.

"Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166.

A claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989). Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts of omissions constituting the alleged constitutional violation." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *see Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff need only identify the law or policy challenged as a constitutional violation and name the official or officials within the entity who is or are alleged to

1  have a "fairly direct" connection with the enforcement of that policy, *see Ex Parte Young*, 209
2  U.S. 123, 157 (1908), and can appropriately respond to injunctive relief.  *Hartmann*, 707 F.3d at
3  1127 (citation omitted); *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).
4        Here, Plaintiff seeks continuing medical care surrounding this issue and to be relieved of
5  having to use the facility's water system.  The Eleventh Amendment does not bar suits for
6  prospective declaratory relief against state officers, sued in their official capacities, to enjoin an
7  alleged ongoing violation of federal law.  *See Agua Caliente Band of Cahuilla Indians v. Hardin*,
8  223 F.3d 1041, 1045 (9th Cir. 2000).  As it appears Plaintiff remains housed at WSP, Plaintiff
9  may be able to bring official capacity claims against the named defendants for prospective
10 injunctive relief.  However, as discussed, Plaintiff has failed to sufficiently plead that any of the
11 supervisory defendants were aware of the water quality issues, and therefore does not plead
12 cognizable official capacity claims against Defendants Shirley or Cronjager.

13            **3.    Eighth Amendment – Conditions of Confinement**

14       The Eighth Amendment protects prisoners from inhumane methods of punishment and
15 from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*
16 *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison
17 officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,
18 sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.
19 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth
20 Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ."
21 *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of*
22 *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).
23       The deliberate indifference standard involves both an objective and a subjective prong.
24 First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511
25 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive
26 risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th
27 Cir. 1995).
28 ///

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Courts have long recognized that exposure to environmental conditions which pose a health risk, either present or future, can support a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 3335 (1993) (environmental tobacco smoke); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (asbestos); *Carter v. Smith*, No. C–13–4373 EMC (pr), 2015 WL 4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); *Yellen v. Olivarez*, No. CIV S–94–1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), *adopted in full*, 2012 WL 4210030 (E.D. Cal. 2012); *Rouse v. Caruso*, No. 06–CV–10961–DT, 2011 WL 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), *adopted in full*, 2011 WL 893216 (E.D. Mich. 2011).

At the pleading stage, Plaintiff states a cognizable claim against Defendant Degough for deliberate indifference to conditions of confinement. Plaintiff alleges that Defendant Degough is the acting Water Contractor, related false information to the staff, hid the danger of the contaminated water, failed to monitor the risks of the dangerous toxins, and did not tell his superiors the truth of the health risks.

However, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Shirley or Cronjager in their individual capacities. As noted above, Plaintiff has provided only conclusory allegations that either Defendant was aware of the water quality issue. Instead, Plaintiff alleges that Defendant Degough relayed false, incorrect, or no information to his superiors about the institution's water quality.

///

///

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Degough for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed April 25, 2023, (ECF No. 11), against Defendant Degough for deliberate indifference to conditions of confinement in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 10, 2023**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE