# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00470-JLT-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS <br><br> (ECF No. 18) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 13, 2023, the undersigned screened Plaintiff's first amended complaint and found Plaintiff stated a cognizable claim against Defendant Degough for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 13.) The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On October 3, 2023, Plaintiff notified the Court that he does not intend to amend the complaint. (ECF No. 14.)

Accordingly, on October 10, 2023, the Court issued findings and recommendations that this action proceed on Plaintiff's first amended complaint against Defendant Degough for

1

deliberate indifference to conditions of confinement in violation of the Eighth Amendment and that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (ECF No. 17.) Plaintiff was directed to file any objections to the findings and recommendations within fourteen days. (*Id.*)

Currently before the Court is Plaintiff's motion for an extension of time and request for appointment of counsel, filed November 2, 2023. (ECF No. 18.) Plaintiff requests an extension because he did not receive the findings and recommendations until October 27, 2023, due to being sent to another institution for a medical procedure. Plaintiff also requests assignment of co-counsel due to the nature and complexity of certain citations and degrees of law cited. (*Id.*)

With respect to Plaintiff's request for appointment of counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must conduct legal research with limited resources. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. While the Court has screened Plaintiff's first amended

complaint and found that it states a cognizable claim against Defendant Degough, this does not indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

However, the Court finds good cause to grant the requested extension of time.  Fed. R. Civ. P. 6.  Although Plaintiff has not specified the length of extension required, the Court finds that an extension of thirty days is appropriate in light of the delay in Plaintiff's mail.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, (ECF No. 18), is DENIED, without prejudice;
2. Plaintiff's motion for extension of time, (ECF No. 18), is GRANTED; and
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his objections, if any, to the October 10, 2023, findings and recommendations.

IT IS SO ORDERED.

Dated:   **November 3, 2023**           /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE