# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHIRLEY, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00470-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 35)<br><br>**Dispositive Motion Deadline (Exhaustion): September 18, 2024** |

Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant DeGough for deliberate indifference in violation of the Eighth Amendment.

The Court issued a discovery and scheduling order on April 19, 2024, setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for August 19, 2024.  (ECF No. 31.)

Currently before the Court is Defendant's motion to modify the discovery and scheduling order to extend the exhaustion motion deadline, filed August 19, 2024.  (ECF No. 35.)

In support of the motion, defense counsel declares that during July and August 2024, counsel has collaborated with colleagues with cases relating to the water issues raised in this action, including coordinating investigation and discovery, attending strategy meetings, and consulting with a potential expert witness.  (ECF No. 35.)  Counsel has also attended to numerous

tasks in other cases, including drafting law and motion papers, preparing for hearings, conducting depositions, and responding to discovery requests.  Counsel has reviewed Plaintiff's central file, electronically maintained inmate records, and inmate-grievance records regarding Plaintiff's allegation that he has properly exhausted his administrative remedies.  Counsel has requested further documentation from the California Health Care Services and CDCR's Office of Appeals in preparation for drafting an exhaustion-based motion for summary judgment.  Despite reasonable diligence, defense counsel is unable to comply with the existing deadline and requests that the exhaustion-motion deadline be extended by thirty days, up to and including September 18, 2024.  The extension will not prejudice Plaintiff, as no other deadlines will be affected. Defense counsel further declares that he spoke with Plaintiff by phone on August 19, 2024, to discuss a stipulation to extend this deadline, and Plaintiff agreed to the stipulation.  (*Id.*)

Plaintiffs have not yet had an opportunity to file a response, but the Court finds a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline.  Fed. R. Civ. P. 16(b)(4).  The Court finds that Plaintiffs will not be prejudiced by the extension granted here.  No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to modify the discovery and scheduling order, (ECF No. 35), is GRANTED; and
2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from August 19, 2024 to **September 18, 2024**.

IT IS SO ORDERED.

Dated:   **August 20, 2024**          /s/ *Barbara A. McAuliffe*          
UNITED STATES MAGISTRATE JUDGE

2