# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00470-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER TO EXTEND EXHAUSTION MOTION DEADLINE<br><br>(ECF No. 38)<br><br>**Dispositive Motion Deadline (Exhaustion): October 25, 2024** |

　　　　Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant DeGough for deliberate indifference in violation of the Eighth Amendment.

　　　　The Court issued a discovery and scheduling order on April 19, 2024, setting the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for August 19, 2024.  (ECF No. 31.)  Following Defendant's motion to modify the discovery and scheduling order, the Court extended the exhaustion motion deadline to September 18, 2024.  (ECF Nos. 35, 36.)

　　　　Currently before the Court is Defendant's second motion to modify the discovery and scheduling order to extend the exhaustion motion deadline, filed September 16, 2024.  (ECF No.

1

38.)

In support of the motion, defense counsel declares that good cause exists to modify the deadline to file an exhaustion summary judgment motion because during a telephone call between the parties on August 19, 2024, Plaintiff informed defense counsel that he intended to dismiss the case.  Defense counsel drafted a letter to Plaintiff on August 22, 2024, enclosing a stipulated dismissal with prejudice, explaining the legal consequences of dismissal, and instructing Plaintiff to sign the attached stipulation if he wished to proceed with dismissal.  Defense counsel has not received a response from Plaintiff, and has delayed drafting Defendant's exhaustion motion based on Plaintiff's statements regarding his desire to dismiss the case.  However, counsel is unclear if Plaintiff is still considering his options, is experiencing further delays due to his physical limitations, or has decided to not dismiss the case.  If Plaintiff elects to proceed with this action, Defendant will require additional time to obtain a declaration from CDCR's Office of Appeals regarding Plaintiff's administrative grievance history, as all such declarations must be submitted for review at least three weeks prior to an exhaustion motion deadline.  Defense counsel will also be out of the office from September 16, 2024 to September 20, 2024, on a pre-arranged vacation, and has been actively managing several new case assignments.  Defendant therefore requests that the exhaustion motion deadline be extended by thirty-seven days, up to and including October 25, 2024, to complete drafting the exhaustion motion, obtain required declarations, and further meet and confer with Plaintiff on his intentions towards dismissal.  (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline.  Fed. R. Civ. P. 16(b)(4).  The Court finds that Plaintiff will not be prejudiced by the extension granted here.  No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's second motion to modify the discovery and scheduling order, (ECF No. 38), is GRANTED; and

2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from September 18, 2024 to **October 25, 2024**.

IT IS SO ORDERED.

Dated:  **September 17, 2024**           /s/ Barbara A. McAuliffe           _
                                          UNITED STATES MAGISTRATE JUDGE