# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. THOMAS, | Case No. 1:23-cv-00470-JLT-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY AND VACATE DISCOVERY AND DISPOSITIVE MOTION DEADLINES |
| v. | |
| SHIRLEY, *et al.*, | |
| Defendants. | (ECF No. 43) |

Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant DeGough for deliberate indifference in violation of the Eighth Amendment.

On April 19, 2024, the Court issued a Discovery and Scheduling Order setting the deadline for completion of all discovery for December 19, 2024, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for February 27, 2025. (ECF No. 31.) The deadline for filing a motion for summary judgment for failure to exhaust administrative remedies was extended to October 25, 2024. (ECF No. 40.)

On October 25, 2024, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 41.) Plaintiff's opposition is currently due on or before November 18, 2024. Local Rule 230(l); Fed. R. Civ. P. 6(a)(1)(C) and

1  6(d).

2        Currently before the Court is Defendant's motion for protective order to stay discovery
3  and vacate discovery and dispositive motion deadlines, filed November 14, 2024.  (ECF No. 43.)
4  Defendant moves to stay merits-based discovery and to vacate the discovery and dispositive
5  motion deadlines in the Court's Discovery and Scheduling Order pending resolution of
6  Defendant's motion for summary judgment on the issue of exhaustion.  (*Id.*)  Plaintiff has not yet
7  filed a response, but the Court finds a response unnecessary and the motion is deemed submitted.
8  Local Rule 230(l).

9        Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
10 with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
11 considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
12 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
13 reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
14 not diligent, the inquiry should end.  *Id.*

15       Defendant states that the motion should be granted because the pending motion for
16 summary judgment may resolve the action entirely, the Court can rule on the pending motion for
17 summary judgment without discovery, and it would be a waste of resources to require Defendant
18 to engage in any merits-based discovery before the exhaustion motion is decided.  (ECF No. 43.)

19       Having considered Defendant's moving papers, the Court finds good cause to modify the
20 Discovery and Scheduling Order to stay merits-based discovery and to vacate the discovery and
21 dispositive motion deadlines.  The Court finds it would be an efficient use of the resources of the
22 Court and the parties to address any exhaustion issues prior to reaching the merits of this action.
23 The Court further notes that a stay of merits-based discovery does not prevent the parties from
24 conducting any further discovery needed to address the issue of whether Plaintiff exhausted his
25 administrative remedies, particularly in light of the pending deadline for the filing of Plaintiff's
26 opposition.  Finally, the Court finds that the relief granted here will not result in prejudice to
27 Plaintiff.

28 ///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay merits-based discovery and vacate discovery and dispositive motion deadlines, (ECF No. 43), is GRANTED;
2. Merits-based discovery (not including discovery related to the issue of exhaustion) is STAYED;
3. The discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaustion administrative remedies.

IT IS SO ORDERED.

Dated: __**November 18, 2024**__         /s/ *Barbara A. McAuliffe*       _
                                         UNITED STATES MAGISTRATE JUDGE