1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    RICKY L. THOMAS, | Case No.  1:23-cv-00470-JLT-BAM (PC) |
| 12            Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |

11      RICKY L. THOMAS,

                    Plaintiff,

13            v.

14      SHIRLEY, *et al.*,

15                    Defendants.

16

17

Case No.  1:23-cv-00470-JLT-BAM (PC)

**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER**

(ECF Nos. 41, 47)

**FOURTEEN (14) DAY DEADLINE**

18

19      Plaintiff Ricky L. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

21  Plaintiff's first amended complaint against Defendant DeGough ("Defendant") for deliberate

22  indifference in violation of the Eighth Amendment.

23      For the reasons that follow, the Court recommends that this action be dismissed, without

24  prejudice.

25  **I.     Background**

26      On October 25, 2024, Defendant filed a motion for summary judgment on the ground that

27  Plaintiff failed to exhaust his administrative remedies.  (ECF No. 41.)  Together with the motion,

28  Plaintiff was provided with notice of the requirements for opposing a motion for summary

1   judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957

2   (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 41-5.)

3   Plaintiff's opposition to the motion for summary judgment was therefore due on or before

4   November 18, 2024.

5          On December 4, 2024, the Court ordered Plaintiff to show cause within twenty-one (21)

6   days why this action should not be dismissed, without prejudice, for Plaintiff's failure to

7   prosecute.  (ECF No. 47.)  Plaintiff was provided the opportunity to comply with the Court's

8   order by filing an opposition or statement of non-opposition to the motion for summary judgment.

9   Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this

10  matter, without prejudice, for failure to prosecute.  (*Id.*)

11         Plaintiff has failed to submit any response to Defendant's motion for summary judgment

12  and has not otherwise communicated with the Court.

13  **II.     Discussion**

14         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

15  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

16  within the inherent power of the Court."  District courts have the inherent power to control their

17  dockets and "[i]n the exercise of that power they may impose sanctions including, where

18  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

19  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

20  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

21  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

22  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

23  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

24  (dismissal for failure to comply with court order).

25         In determining whether to dismiss an action, the Court must consider several factors:

26  (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its

27  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

28  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

2

1     F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

2          Here, the action has been pending since 2023, and Plaintiff's response or opposition to

3 Defendant's motion for summary judgment is overdue.  Plaintiff was warned that his failure to

4 comply with the Court's order would result in dismissal of this action, with prejudice, for failure

5 to prosecute.  Plaintiff has failed to comply.

6          Plaintiff is obligated to comply with the Local Rules and was informed by the Court of

7 the need to oppose a motion for summary judgment.  Despite Plaintiff's duty to comply with all

8 applicable rules and the Court's notice, Plaintiff did not file an opposition.  The Court cannot

9 effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second

10 factors weigh in favor of dismissal of this action.

11          The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because

12 a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

13 action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors

14 disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v.*

15 *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party

16 whose responsibility is to move a case toward disposition on the merits but whose conduct

17 impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA)*

18 *Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

19          Finally, the Court's warning to a party that failure to obey the Court's order will result in

20 dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262;

21 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's December 4, 2024 order to

22 show cause expressly warned Plaintiff that if he failed to comply with that order, this matter

23 would be dismissed, without prejudice, for failure to prosecute.  (ECF No. 47.)  Thus, Plaintiff

24 had adequate warning that dismissal of this action could result from his noncompliance.  At this

25 stage in the proceedings there is little available to the Court which would constitute a satisfactory

26 lesser sanction while protecting the Court from further unnecessary expenditure of its scarce

27 resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of

28 little use.  Further, the preclusion of evidence or witnesses is likely to have no effect given that

3

1  Plaintiff has ceased litigating this case.

2       In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to

3  expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer

4  prosecuting.

5  **III.    Recommendation**

6       Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

7  RECOMMENDS that this action be dismissed, without prejudice, for failure to prosecute and for

8  failure to obey court orders.

9       These Findings and Recommendations will be submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

11  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

12  file written objections with the Court.  The document should be captioned "Objections to

13  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

14  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

15  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

16  **limit may not be considered.**  The parties are advised that failure to file objections within the

17  specified time may result in the waiver of the "right to challenge the magistrate's factual

18  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

19  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21  IT IS SO ORDERED.

22     Dated:   __January 13, 2025__          ___/s/ Barbara A. McAuliffe___

23                                            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4